IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

    Plaintiff,                         No. CIV S-06-0791 FCD GGH P

    vs.

DIRECTOR OF THE DIVISION OF
ADULT INSTITUTIONS, et al.,

    Defendants.                  ORDER

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $ 350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 3.77 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1         Plaintiff names as defendants former CDCR Director of the Division of Adult
2 Institutions, John Dovey; former Undersecretary of CDCR, Jeanne S. Woodford; Warden Martin
3 Veal of the California Medical Facility (CMF)- Vacaville; Warden Robert J. Hernandez of the
4 Richard J. Donovan Correctional Facility (RJD) ; D. M. Barnes, Chief Deputy Warden of
5 Richard J. Donovan Correctional Facility.

6         Plaintiff complains that in January of 2004, Enhanced Outpatient (EOP) inmates
7 at RJD were ordered to exchange pants and shirts for new style pants without front pockets and
8 shirts with no colors with big stenciled lettering that caused plaintiff to itch. Complaint, p. 3.
9 Plaintiff's sick call forms to doctors were denied on the basis that the pants and shirts were a
10 custody issue; his 602 appeal was denied by defendant Barnes. Id.  When plaintiff transferred to
11 CMF, plaintiff appealed a memo directing disposal of old style jeans and jackets, plaintiff
12 appealed, received no response, then set a copy of his appeal to defendant Veal. Id.  Defendant
13 Woodford, as CDCR Undersecretary, and defendant Dovey, as Director of Adult Institutions are
14 (or were) aware of the pants and jackets policy which constitutes cruel and unusual punishment.
15 Id.

16         Plaintiff contends that the new style pants lack of front pockets does not allow
17 him to keep his hands warm on cold days and the collarless shirts do not protect plaintiff from
18 cold weather or his neck from direct sunlight on hot days. Complaint, p. 10. CMF has an
19 inadequate laundry exchange and clothing is lost when sent to be washed or is taken by other
20 inmates who sell it for canteen items. Id. Plaintiff also alleges that CMF does not exchange
21 soiled, stained, torn or worn out pants and jackets, by which he apparently means he has not been
22 allowed to keep such clothing, but instead has been issued new clothing which has caused his leg
23 and back to itch and break out in a rash. Complaint, pp., 10, 13-14. He contends that only the
24 EOP inmates at RJD were ordered to exchange their blue collared shirts and blue jeans with front
25 pockets. Id., at p. 13. His primary complaint appears to be that the big stenciled lettering on the
26 new pants and shirt(s) have caused his skin irritation. Id., at p. 14.

On January 22, 2004, plaintiff saw non-defendant Dr. Hunt, where he was treated with a skin cream; plaintiff contends that the prescribed cream is what he is given when he "usually" breaks out with skin irritations.  Complaint, p. 14.  Plaintiff sought at medical chrono to not where the new pants and shirt(s) to prevent more rash breakouts, but that Dr. Hunt state that he could not help plaintiff even after plaintiff showed him a 2001 biopsy report for skin allergies.  Id.

The gravamen of plaintiff's complaint, totaling 113 pages, including exhibits, is that he has been subjected to cruel and unusual punishment by being compelled to exchange his old clothing for new clothing with stenciling that he alleges causes him a skin rash.  Plaintiff simply does not make out a complaint under the Eighth Amendment.  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred.  Johnson, supra, at 731.  "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'"  Id., quoting Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).  In this case, plaintiff complains, at most, of a temporary allergic skin reaction, when he is prone to skin outbreaks, which he alleges arose from being required to wear new clothing.  Plaintiff was treated for the condition and the doctor by whom he was treated evidently either did not find that the new clothing was the cause of his skin condition or that it was not a serious enough condition for plaintiff to be provided with a medical chrono to wear other clothing.  In any event, plaintiff has not sued the treating doctor for inadequate medical care under the Eighth Amendment.  Plaintiff's claims under the Eighth Amendment will be dismissed but plaintiff will be granted leave to amend.

/////

As to plaintiff's claims with regard to the processing or denials of his appeals, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] To the extent that plaintiff intended to allege due process claims, these claims will be dismissed; plaintiff will be granted leave to amend.

As to defendants Dovey, Woodford, Veal, Hernandez and Barnes, to the extent that plaintiff seeks money damages, his claims are not colorable. The Civil Rights Act under which this action was filed provides as follows:

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent that plaintiff seeks injunctive relief, just as it is not necessary to allege Monell[2] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Plaintiff has not alleged an unconstitutional policy or practice in his complaint, but will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, because plaintiff has filed a complaint of excessive length, in violation of Fed. R. Civ. P. 8, any amended complaint, including exhibits, may not exceed 25 pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 3.77. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint, not to exceed 25 pages, including exhibits, within thirty (30) days from the date of service of this order. Failure to file an amended complaint in compliance with this order will result in a recommendation that the action be dismissed.

DATED: 10/5/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wils0791.b