1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11             Plaintiff,                        No. CIV S-06-0791 FCD GGH P

12       vs.

13   DIRECTOR OF THE DIVISION OF
     ADULT INSTITUTIONS, et al.,
14
               Defendants.                       ORDER
15   _____/

16            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  By <u>Order</u>, filed on October 5, 2006, plaintiff's complaint was dismissed with leave

18   granted for plaintiff to file an amended complaint not to exceed 25 pages, including exhibits,

19   plaintiff having originally filed a complaint and exhibits totaling well over one hundred pages.

20   Plaintiff has filed an amended complaint that exceeds the 25-page limit and does not cure the

21   defects of the original complaint, in fact, appearing to them.

22            As previously noted, the court is required to screen complaints brought by

23   prisoners seeking relief against a governmental entity or officer or employee of a governmental

24   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

25   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

26   which relief may be granted, or that seek monetary relief from a defendant who is immune from

                                                 1

1   such relief.  28 U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989); Franklin, 745 F.2d at 1227.

9        A complaint, or portion thereof, should only be dismissed for failure to state a

10  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

11  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

12  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

13  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

14  a complaint under this standard, the court must accept as true the allegations of the complaint in

15  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

16  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

17  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18       Plaintiff names as defendants former California Department of Corrections and

19  Rehabilitation (CDCR) Director of the Division of Adult Institutions, John Dovey; CDCR

20  Secretary Tilton; Warden Hernandez of the Richard J. Donovan Correctional Facility (RJD); RJD

21  Chief Deputy Warden Barnes; California Medical Facility (CMF) Warden Veal; CMF Appeals

22  Coordinator Cry.

23       Plaintiff, in his amended complaint, purports to bring this case as a class action.

24  Amended Complaint (AC), p. 7.  However, in the first place, plaintiff has not filed a motion,

25  pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class

26  action.  Second, plaintiff is a non-lawyer proceeding without counsel.  It is well established that a

1  layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366

2  F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class

3  representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405,

4  1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests

5  of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v.

6  Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in propria persona

7  is a "privilege ... personal to him.  He has no authority to appear as an attorney for others than

8  himself." McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States,

9  308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45

10 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).  To the extent that plaintiff claims this

11 matter is a class action, the court will not regard it as such at this time.

12              Plaintiff complains that in January of 2004, all inmates at RJD were ordered to

13 exchange state-issued pants and shirts for "thin," new style pants without front pockets and belt

14 loops, and shirts with no collars which had big stenciled lettering that caused plaintiff to itch and

15 scratch. AC, p. 4.  Plaintiff submitted a health care request form for a chrono allowing him to

16 wear the old style pants so he would not break out on his leg and back.  Id.  In February, 2004,

17 plaintiff submitted a 602 appeal, seeking to prevent himself and other inmates from being

18 required to wear the new outfits until a "human test" was done to test for non-allergy skin

19 sensitivities, including a biopsy report showing that plaintiff had skin allergies and citing

20 unspecified prison regulations.  Id.  Plaintiff's appeal was denied at the second level, citing the

21 biopsy report, to which plaintiff responded, indicating that he had never had rashes to the extent

22 that he now had them, even on his upper and lower legs, hip area, and upper back.  Non-

23 defendant Dr. Peterson stated that he could not give a medical chrono per non-defendant Dr.

24 Ritter.  Id.  Non-defendant Captain Sandlin referred plaintiff to non-defendant Dr. Ritter who told

25 plaintiff he could not give plaintiff a chrono for old clothing because it was a medical issue.  Id.

26 Also in February, 2004, plaintiff contacted the Health and Welfare Agency and the Centers for

Disease Control, neither of which responded.  Id.  Plaintiff's appeal was denied on March 22, 2004, at the first level by defendant Barnes, (inexplicably described by plaintiff *after* the second level denial) and denied at the third level on September 10, 2004.  Id.  Plaintiff was transferred in October, 2004 to California Men's Colony East, and then to CMF in November, 2004.  AC, p. 5.  More than a year later, evidently in December, 2005, plaintiff became aware of a memo at CMF from non-defendant Warden Teresa Schwartz, concerning a new policy of disallowing inmates' possession of personal blue jeans and blue jean jackets, and directing that levis were to be considered contraband.  Id.  In January, 2006, plaintiff filed a 602 appeal to be allowed to keep his jeans and jean jackets as personal property and to be permitted to order them.  Id.  Plaintiff also complained of a no exchange policy at CMF, as well as a problem concerning clothing sent to another prison in laundry bags for laundering, wherein bags are lost or come back torn without jean pants and jackets.  Id.  Also, plaintiff claimed that inmates in the prison laundry, evidently at CMF, remove certain size pants and jackets or "new issue" for themselves or friends.  This happens at CMF Laundry Distribution and in "mental units" (EOP).  Id.  Some "inmate's officer's" pass out pick-up clothing and take "jeans and pants they wish and to extort canteen and package items for jeans and pants other clothing items" [sic].  Id.  Plaintiff states that CMF does not exchange soiled, damaged or stained jackets and pants is violation of a state regulation.  Id.  He also claims the new clothing is not adequate for cold weather.  Id.  Plaintiff, in setting forth these claims, does not adequately name the defendants responsible.

Plaintiff claims that in February, 2006, he was placed in segregation for "concocted" reasons and was denied his appeals to defendant Warden Veal.  Id.  Plaintiff evidently filed another action in March of 2006, alleging that his 602 appeal was not responded to and that he was denied access to legal documents.  AC, pp. 5-6.  In April of 2006, plaintiff received a second level appeal response, wherein non-defendant Warden O'Ran and defendant Warden Veal denied his jeans and jackets request.  AC, p. 6.  In May, 2006, plaintiff then appealed that denial, attaching affidavits from other inmates showing that others were denied

1    clean and full laundry exchanges.  Id.  "Plaintiff did not receive clothing issue until three (3)

2    months later after filing appeal for thermal underwear, help requested which plaintiff explained

3    having to pay canteen items for clothing...." [sic].  Id.  Plaintiff's appeal to third level was denied

4    in August, 2006.  Id.

5            Inexplicably, plaintiff then refers to an August, 2006, response regarding jeans

6    taken and refers to another action he has in this court, regarding legal documents.  Id.  Plaintiff

7    also complains about two pairs of personal jeans which were donated, about which he wrote

8    appeals, apparently seeking to assert that the items were confiscated since he did not have the

9    funds to send them home, which constitutes a violation of his due process rights and is a form of

10   extortion.  AC, pp. 6-7.  Plaintiff also filed an appeal for the return of a watch, which was in a

11   pants pocket donated when he was not present.  AC, p. 7.

12           Plaintiff's allegations violate Rule 8 of the Federal Rules of Civil Procedure.

13   Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against

14   them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v.

15   Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and

16   scanty allegations fails to satisfy the notice requirement of  Rule 8.)

17           Even if the factual elements of the cause of action are present, but are scattered

18   throughout the complaint and are not organized into a "short and plain statement of the claim,"

19   dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178

20   (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

21   *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails

22   to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P.

23   41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further,

24   "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

25   complaint is wholly without merit," McHenry 84 F.3d at 1179.

26   \\\\\

To the extent that he has sought to make a claim for a violation of the Eighth Amendment because he was required to wear pants and shirts which exacerbated a skin condition, he has once again failed to do so.  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred.  Johnson, supra, at 731.  "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'" Id., quoting Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).  Although plaintiff complains of a temporary allergic skin reaction to new clothes issued, he states that a doctor, whom he does not name as a defendant, did not provide him with a medical chrono to keep his old clothes.  Plaintiff has not sued the treating doctor for inadequate medical care for a serious medical condition under the Eighth Amendment.  Plaintiff's claims for a violation of his rights under the Eighth Amendment with regard to the issuance of new clothes will be dismissed but plaintiff will be granted one last opportunity to amend.

As to plaintiff's claims with regard to the processing or denials of his appeals, plaintiff is again reminded that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the

1 | inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

2 | protections envisioned by the fourteenth amendment").  Specifically, a failure to process a

3 | grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to

4 | a liberty interest protected by the Due Process Clause of the federal constitution only if those

5 | regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on

6 | the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472,

7 | 484, 115 S. Ct. 2293, 2300 (1995).[1]   To the extent that plaintiff intended to allege due process

8 | claims, these claims will be dismissed; plaintiff will be granted leave to amend.

9 | Plaintiff sues defendants Dovey, Tilton, Veal, Hernandez in their official

10 | capacities only.  Plaintiff sues defendants Barnes and Cry in both their individual and official

11 | capacities.  Defendants allegations with respect to defendant Cry relate to his position as appeals

12 | coordinator and those claims have been dismissed.  To the extent his claims against the other

13 | defendants arise from their participation in the appeal process, those claims are dismissed.

14 | Plaintiffs injunctive relief claims against defendants Hernandez and Barnes must also be

15 | dismissed because plaintiff has been transferred from RJD.  When inmate seeks injunctive relief

16 | concerning an institution at which he is no longer incarcerated, his claims for such relief become

17 | moot.  See  Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874,

18 | 876 (9th Cir. 1986).  See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).  Plaintiff

19 | has demonstrated no reasonable possibility that he will ever be incarcerated at RJD again.

20 | Therefore, defendant Veal is dismissed and his injunctive relief claims as to defendant Barnes are

21 |

22 | [1]  "[W]e recognize that States may under certain circumstances create liberty interests
23 | which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24 | to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
25 | U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26 | ordinary incidents of prison life." Sandin v. Conner, supra.

1   dismissed.

2          Plaintiff's claims against defendant Barnes, to the extent that plaintiff seeks

3   money damages, are not colorable.  The Civil Rights Act under which this action was filed

4   provides as follows:

5            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
6            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
7            law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15         Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).  Plaintiff has not set forth allegations against defendant Barnes linking the conduct of

23  this party to any constitutional deprivation he has suffered and this defendant is dismissed.

24  Plaintiff will be granted one final opportunity to amend.

25  \\\\\

26  \\\\\

1          To the extent that plaintiff seeks injunctive relief, just as it is not necessary to

2   allege <u>Monell</u>[2] policy grounds when suing a state or municipal official in his or her official

3   capacity for injunctive relief related to a procedure of a state entity, <u>Chaloux v. Killeen</u>, 886 F.2d

4   247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state

5   official when plaintiffs are attacking a state procedure on federal grounds that relates in some

6   way to the job duties of the named defendant.  All that is required is that the complaint name an

7   official who could appropriately respond to a court order on injunctive relief should one ever be

8   issued.  <u>Harrington v. Grayson</u>, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); <u>Malik v. Tanner</u>,

9   697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as

10  opposed to monetary relief, may be made on a theory of <u>respondeat superior</u> in a § 1983

11  action."); <u>Fox Valley Reproductive Health Care v. Arft</u>, 454 F. Supp. 784, 786 (E.D. Wis. 1978).

12  <u>See</u> <u>also</u>, <u>Hoptowit v. Spellman</u>, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit

13  to continue against an official's successors despite objection that the successors had not

14  personally engaged in the same practice that had led to the suit.  However, because a suit against

15  an official in his or her official capacity is a suit against the state, policy or procedure of the state

16  must be at issue in a claim for official capacity injunctive relief.  <u>Haber v. Melo</u>, 502 U.S. 21, 25,

17  112 S. Ct. 358, 361-62 (1991).   Plaintiff has apparently attempted to allege an unconstitutional

18  policy or practice in his complaint with respect to the manner in which laundry is cleaned or

19  exchanged or in how the laundry is returned, but other than generic complaints, plaintiff has not

20  set down specific and repeated instances in which he has not had his laundry returned properly

21  cleaned or has had his laundry not returned to him intact.  These vague allegations are

22  insufficient to comply with Rule 8.  Defendants Dovey, Tilton, Veal will be dismissed but

23  plaintiff will be granted leave to amend one more time.

24  \\\\\

25

26          [2]  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978).

1    As to his claims with regard to whether or not he has been deprived of pants,

2  which he evidently had discarded, without due process or with regard to a watch left in the

3  pocket of the discarded pants, plaintiff does not link these allegations to any defendant named in

4  this action.  Moreover, the United States Supreme Court has held that "an unauthorized

5  intentional deprivation of property by a state employee does not constitute a violation of the

6  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

7  meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517,

8  533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only

9  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

10  An authorized deprivation is one carried out pursuant to established state procedures, regulations,

11  or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City

12  of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a

13  remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

14    In the instant case, plaintiff has not alleged sufficient facts which suggest that the

15  deprivation was authorized.  Plaintiff's allegations regarding the disposal of his pants and watch

16  must be dismissed.  Plaintiff may amend one final time.

17    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  \\\\\

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

3  an amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    Once again plaintiff is directed to file an amended complaint, including exhibits,

10  that does not exceed 25 pages.

11  <u>Motion for Summary Judgment</u>

12    Plaintiff filed a purported motion for summary judgment on October 16, 2006.

13  This motion is premature and wholly inapposite at this point, particularly given that this court has

14  herein found that plaintiff does not have a viable complaint pending in this matter.  Plaintiff's

15  motion will be disregarded without prejudice to such a motion being brought by plaintiff at an

16  appropriate time.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  The first amended complaint is dismissed for the reasons discussed above, with

19  leave to file a second amended complaint, not to exceed 25 pages, including exhibits, within

20  thirty (30) days from the date of service of this order.  Failure to file a second amended complaint

21  in strict compliance with this order will result in a recommendation that the action be dismissed;

22  and

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1            2.  Plaintiff's October 16, 2006, motion for summary judgment is disregarded as

2  premature and otherwise inapposite, without prejudice to plaintiff's bringing such a motion at an

3  appropriate time.

4  DATED: 4/18/07                            /s/ Gregory G. Hollows

5                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

6

7  GGH:009
  wils0791.b2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26