IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

       Plaintiff,                        No. CIV S-06-0791 FCD GGH P

       vs.

DIRECTOR OF THE DIVISION OF
ADULT INSTITUTIONS, et al.,

       Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By concurrently filed order, the court has found plaintiff's second amended complaint appropriate for service as to certain of the named defendants. However, many of plaintiff's allegations continue to suffer from the defects identified in the Order, filed on April 18, 2007, dismissing the first amended complaint, and the court will now recommend dismissal of defendants Kernan, Tilton, Hernandez, Hubbard, Schwartz and Veal from the second amended complaint.

       As plaintiff has twice previously been informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As to plaintiff's claims against defendants Kernan, Tilton, Hernandez, Hubbard, Schwartz and Veal, alleging their responsibility for having implemented a policy of inadequate clothing by issuing a new type of pants, with no pockets for keeping hands warm on cold days or new styled shirts without collars to protect from weather and the elements, plaintiff simply does not frame an Eighth Amendment claim.  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825,

1  832, 114 S. Ct. 1970 (1994).  When an inmate has been deprived of necessities, "the

2  circumstances, nature and duration of a deprivation...must be considered in determining whether

3  a constitutional violation has occurred.  <u>Johnson</u>, <u>supra</u>, at 731.  Being required to wear pants

4  with no pockets and shirts without collars simply does not rise to the level of an Eighth

5  Amendment violation, and the court will now recommend dismissal of this claim and these

6  defendants.

7         To the extent that plaintiff alleges that the large painted lettering has caused him

8  to break out in rashes for which doctors have failed to provide him adequate medical care, i.e., a

9  medical chrono to be permitted not to wear the newly issued clothing, plaintiff has been found to

10  have framed a colorable claim.

11         As to plaintiff's claims related to the processing or denials of his administrative

12  grievances, plaintiff has been repeatedly reminded that prisoners do not have a "separate

13  constitutional entitlement to a specific prison grievance procedure."  <u>Ramirez v. Galaza</u>, 334

14  F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Even

15  the non-existence of, or the failure of prison officials to properly implement, an administrative

16  appeals process within the prison system does not raise constitutional concerns.  <u>Mann v. Adams</u>,

17  855 F.2d 639, 640 (9th Cir. 1988).  <u>See</u> <u>also</u>, <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.

18  1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991).  <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10

19  (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

20  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

21  requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

22  failure to process a grievance does not state a constitutional violation.  <u>Buckley</u>, <u>supra</u>.  State

23  regulations give rise to a liberty interest protected by the Due Process Clause of the federal

24  constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

25  and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>

26

v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]  The court will now recommend dismissal of plaintiff's claims of a denial of due process based on the denials of his prison grievances related to prison clothing policies.

Plaintiff does not frame a colorable claim against defendant Schwartz in claiming that she authored a memorandum deeming inmates' personal clothing to be contraband and discontinuing inmates' possession of blue jeans and blue jean jackets and the court will recommend dismissal of this claim.

As to plaintiff's continued generic complaints about CMF's handling of laundry, wherein plaintiff claims that there is a no clothing exchange policy, as well as unspecified instances of clothing being sent to another prison in laundry bags for laundering, after which bags are lost or come back torn without jean pants and jackets, plaintiff continues to fail to set forth specific instances or to link such claims to any defendant, or to set forth therein a constitutional deprivation.  This is also the case with regard to plaintiff's vague claims that inmates in the prison laundry remove certain size pants and jackets or "new issue" for friends or themselves; that some "inmate's officer's" pass out clothing they choose to extort canteen and package items.  Second Amended Complaint, p. 5.  Plaintiff also continues to allege that CMF does not exchange soiled, damaged or stained jackets and pants in violation of a state regulation, although he does not adequately set forth specific instances of these alleged transgressions, does not demonstrate how any of the allegations rise to the level of Eighth Amendment violations, and also continues to fail to identify sufficiently the defendants responsible.  Plaintiff has had multiple opportunities

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

to frame colorable claims, but has failed to do so with the exception of his Eighth Amendment claims against defendants Hunt and Peterson. As to plaintiff's other claims and named defendants, the court will now recommend their dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that defendants Kernan, Tilton, Hernandez, Hubbard, Schwartz and all claims, except for plaintiff's Eighth Amendment claims for inadequate medical care against defendants Hunt and Peterson, be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/04/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wils0791.fr