IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                No. CIV S-06-0791 FCD GGH P

    vs.

DIRECTOR OF THE DIVISION
OF ADULT INSTITUTIONS, et al.,

                        ORDER &

        Defendants.        FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

1983.  Pending before the court are: 1) defendants' motion to dismiss, filed on 8/15/08, to which

plaintiff filed his opposition; 2) plaintiff's motion for a temporary restraining order/preliminary

injunction, which the court construes as a motion for a protective order, filed on 1/05/09.

Allegations

        This action, filed on 4/12/06, now proceeds on plaintiff's second amended

complaint, filed on 6/13/07, as modified by the order, filed on 6/27/08, dismissing several

defendants and all claims except for an Eighth Amendment claim against defendants Dr. Hunt

and Dr. Peterson for their alleged failure to provide adequate medical care for plaintiff, i.e., in the

1

1  form of a medical chrono permitting plaintiff not to wear newly issued clothing which has large

2  painted lettering that caused plaintiff to break out in rashes.

3          Specifically, plaintiff alleges that, on 1/14/04, while he was incarcerated at R.J.

4  Donovan (RJD), all inmates were ordered to exchange their state-issued pants and shirts for new-

5  styled pants and shirts that had large stenciled lettering.  On 1/16/04, plaintiff began to itch where

6  the large lettering was located and submitted a health care request for a chrono that would permit

7  plaintiff to wear the old-style pants.  On 1/22/04, plaintiff showed defendant Hunt his leg and

8  back rashes.  Defendant Hunt gave plaintiff skin cream but, stating that the new clothing was a

9  custody issue, refused to provide a chrono for plaintiff not to be required to wear the new

10  clothing.  Second Amended Complaint (SAC), p. 3.

11          Following his appeal of the issue, filed on 2/17/04, plaintiff was seen, on 2/25/05,

12  by defendant Peterson, a dermatologist, who, evidently without accessing plaintiff's medical

13  history with regard to rashes, also stated that he could not provide plaintiff with a chrono (per a

14  Dr. Ritter, not a defendant), but did give plaintiff skin cream.  The actions by these defendants

15  violated plaintiff's Eighth Amendment rights.  SAC, p.  4.

16          Plaintiff has since been transferred from RJD to California Men's Colony (CMC-

17  E) to California Medical Facility-Vacaville (CMF).[1]  Plaintiff's subsequent prison appeals have

18  evidently been denied, and plaintiff has been subjected to pain and suffering in the form of

19  "itching and scratching," as a result of not being excepted from wearing the newer clothing with

20  the large stenciled lettering.  Plaintiff seeks declaratory and injunctive relief, as well as money

21  damages.  SAC, pp. 4-7.

22  \\\\\

23  \\\\\

24  

25          [1] According to the court's case docket, plaintiff filed a notice of change of address in another
case which has been noted in this case as filed on 9/24/07, indicating that plaintiff is currently housed
26  at California State Prison - Lancaster.

1  <u>Motion to Dismiss</u>

2          Defendants move to dismiss this case pursuant to 28 U.S.C. § 1915(g).  28 U.S.C.

3  § 1915 permits any court of the United States to authorize the commencement and prosecution of

4  any suit without prepayment of fees by a person who submits an affidavit indicating that the

5  person is unable to pay such fees.  However,

6          [i]n no event shall a prisoner bring a civil action or appeal a
           judgment in a civil action or proceeding under this section if the
7          prisoner has, on 3 or more prior occasions, while incarcerated or
           detained in any facility, brought an action or appeal in a court of
8          the United States that was dismissed on the grounds that it is
           frivolous, malicious, or fails to state a claim upon which relief may
9          be granted, unless the prisoner is under imminent danger of serious
           physical injury.

10

11  28 U.S.C. § 1915(g).

12          In forma pauperis status may be acquired and lost during the course of litigation.

13  <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal., 1994), *vacated on other grounds by*

14  <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g))

15  makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma

16  pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination

17  thereof totaling three).  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999).  28 U.S.C.

18  § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination

19  that each action reviewed (as a potential strike) is carefully evaluated to determine that it was

20  dismissed as frivolous, malicious or for failure to state a claim.  <u>Andrews v. King</u>, 398 F.3d

21  1113, 1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that

22  allows the district court to conclude that the plaintiff has filed at least three prior actions ...

23  dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'"  <u>Id.</u>, at 1120,

24  quoting § 1915(g).  Actions filed and/or dismissed prior to the enactment of the Prison Litigation

25  Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes:

26  "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the

1    enactment of the PLRA to determine when a prisoner has used his three strikes." Rodriguez v.

2    Cook, 169 F.3d 1176, 1181, citing Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).[2]

3    Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was

4    frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

5    However, Adepegba qualifies that insofar as affirmance only finds no error at district court level,

6    affirmance should not count as separate strike.[3]  Id.   On the other hand, when the appeal is

7    frivolous on a separate ground or when the appeal of a district court dismissal as frivolous is,

8    itself, frivolous, then the appeal dismissal is also a strike.  Id. at 388.  See also Thompson v.

9    Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th

10   Cir. 2000) (both noting that frivolous appeals count as a strike).

11              *Discussion*

12              Defendants contend in their motion that plaintiff's litigation history shows that he

13   has had at least five lawsuits dismissed as frivolous or for failure to state a claim, citing the

14   following cases: A) Wilson v. Yarbrough (2:02-cv-08293), filed 10/02/02, dismissed as frivolous

15   in the Central District Court; B)  Wilson v. Schwartz (05-cv-1649), filed 8/17/05, dismissed for

16   failure to state a claim by the Eastern District Court; C) Wilson v. Veal (06-cv-0067), filed on

17   1/11/06, dismissed for failure to state a claim in the Eastern District; D) Wilson v. Tilton (06-cv-

18   1031), filed on 5/11/06, dismissed for failure to state a claim in the Eastern District; and E)

19   Wilson v. Dovey (06-cv-1032), filed on 5/11/06, also dismissed in the Eastern District for failure

20   to state a claim.  Motion to Dismiss (MTD), p. 3.  After submitting attached Exhibits A through

21

22        [2] "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it
     does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of
23   Tierney, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by
     looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had
24   three or more cases dismissed as frivolous." Rodriguez v. Cook, 169 F.3d at 1181, citing Tierney
     v. Kupers, 128 F.3d at 1311.
25

26        [3] It also follows that an appellate court reversal would nullify a strike.  Adepegba v.
     Hammons, 103 F.3d at 387.

1  E with their motion, along with a request for judicial notice, defendants filed an amended request

2  for judicial notice with exhibits A through E, copies of some of the court records of the cases

3  listed above, which amended request the court hereby grants, primarily because, although

4  defendants have not adequately authenticated the records, the court has confirmed the accuracy of

5  the records regarding the cases brought in the Eastern District.

6        Nevertheless, defendants do not meet a threshold requirement by the filing of their

7  motion.  While Exhibit A, <u>Wilson v. Yarbrough</u> (2:02-cv-08293), which appears to have been

8  dismissed as frivolous in November of 2002, and therefore to properly constitute one strike with

9  respect to the instant action, none of the other exhibits defendants produce can be found to

10  constitute a strike with respect to this case.  Exhibit B shows that  <u>Wilson v. Schwartz</u> (05-cv-

11  1649) was not dismissed for failure to state a claim until 10/31/06.  Exhibit C demonstrates that

12  <u>Wilson v. Veal</u> (06-cv-0067) as frivolous and for failure to state a claim until judgment was

13  thereon entered on 6/04/07.  Exhibit D reveals that <u>Wilson v. Tilton</u> (06-cv-1031) was dismissed

14  for failure to state a claim by an order, filed on 9/12/06.  Exhibit E, shows that <u>Wilson v. Dovey</u>

15  (06-cv-1032) was dismissed for failure to state a claim only as of  3/08/07.  As previously noted,

16  this action was initiated as of 4/12/06.  The plain language of the statute makes clear that to

17  constitute strikes, the prior cases must have been brought *and dismissed* on the applicable

18  grounds prior to the initiation of the action at issue.[4]  <u>See</u>, 28 U.S.C. § 1915(g) (above); <u>see</u> <u>also</u>,

19  <u>Tierney v. Kupers</u>, <u>supra</u>, 128 F.3d at 1311.  Defendants' motion should be denied.

20  <u>Plaintiff's Motion</u>

21        Although entitled as a motion for a TRO/preliminary injunctive relief, the court

22  construes plaintiff's request for the return of his "property court case and documents [sic]" at

23  CSP- Lac, the "removal" of Receiving and Release (R&R) Sergeant Bowen, that plaintiff's court

24  case material, law books and quarterly packages not be handled by Bowen and current R&R

25

26        [4] Emphasis added.

1    staff, as a motion for a protective order.  Plaintiff also asks that when he is transferred or placed

2    in administrative segregation that his legal materials be checked for contraband, sealed in

3    property boxes with his own signature on the tape and further that all of his property be placed on

4    a bus or special transportation with him whenever he is transported and removed at any stop

5    when he is removed from any transport.  See plaintiff's motion, filed on 1/05/09.

6           Local Rule 72-302 of the Eastern District of California permits magistrate judges

7    to handle all aspects of a prisoner's case short of jury trial.  It has also been interpreted as

8    authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or

9    motions not involving injunctive relief.  See also United States v. Raddatz, 447 U.S. 667, 673,

10   100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive"

11   motions).

12          Therefore, the fact that parties are directed in their activities by a magistrate judge

13   cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by

14   § 636(b)(1)(B).  See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir.

15   1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day

16   during period of non-compliance with discovery orders to ensure compliance).  It is only when

17   the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an

18   action that orders under § 636(b)(1)(A) are precluded.  See, e.g., Reynaga v. Cammisa, 971 F.2d

19   414 (9th Cir. 1992).

20          In the instant case, plaintiff's request does not go to the merits of plaintiff's

21   action.[5] Accordingly, this matter may be handled by court order.  Plaintiff's requests are

22   dramatically over-reaching.  His requests concerning non-defendants at CSP-Lac will be denied

23   without prejudice to plaintiff's filing a motion wherein he makes clear that he is denied all access

24   to the legal property at issue within this case.  He must be specific as to who is depriving him of

25   _____

26          [5] As noted, the gravamen of plaintiff's second amended complaint is that defendants have
     violated his Eighth Amendment right to adequate medical care.

1   such legal property and when and to what extent he is being deprived of legal property relevant to

2   this case.

3          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a temporary

4   restraining order/preliminary injunction, which the court construes as a motion for a protective

5   order, filed on 1/05/09 (docket # 30), is denied without prejudice.

6          IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, filed on

7   8/15/08 (docket # 25), be denied.

8          These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: 02/09/09

                                          /s/ Gregory G. Hollows
17  _____

                                          GREGORY G. HOLLOWS
18                                        UNITED STATES MAGISTRATE JUDGE

19  GGH:009
     wils0791.mtd+

20

21

22

23

24

25

26