IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                     No. CIV S-06-0791 FCD GGH P

    vs.

DIRECTOR OF THE DIVISION
OF ADULT INSTITUTIONS, et al.,      ORDER

        Defendants.
                                 /

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel discovery responses, filed on August 10, 2009, to which plaintiff initially failed to file any opposition. The court, on December 8, 2009, ordered plaintiff to show cause within fourteen days for his failure to oppose the motion and to file any opposition to the motion. Plaintiff responded to the show cause order in two filings on December 21, 2009. The court will find that plaintiff has discharged the show cause order although it is not entirely convincing that the alleged interruption of plaintiff's "psychological medication" forestalled his ability to file an opposition at the appropriate time.[1]

---

[1] In addition, plaintiff did manage to register his opposition, within the relevant period for timely opposing the motion to compel, in a filing on August 17, 2009, to defendants' August 6,

1

Defendants filed their reply on December 29, 2009. Plaintiff filed a putative "counter claim" to the reply, on January 27, 2010, which will not be considered as it is not an apposite filing in the context of a motion to compel.

In reviewing the motion, the court determined that defendants had erroneously omitted the exhibits identified as their discovery requests and plaintiff's responses which were referenced in the deputy attorney general's declaration supporting the motion. By Order, filed on February 17, 2010, the court gave defendants five days to (belatedly) submit the exhibits, which defendants did on February 19, 2010. Also pending before the court is plaintiff's "motion for preliminary injunction and or temporary restraining order," filed on January 29, 2010. This motion is not yet submitted. By Order, filed on February 17, 2010, defendants have been given fourteen days to respond to the motion.

Plaintiff's Allegations

Plaintiff's claims have been previously set forth in Findings and Recommendations, filed on February 9, 2009, pp. 1-2, adopted by Order, filed on March 12, 2009. This action, filed on 4/12/06, now proceeds on plaintiff's second amended complaint, filed on 6/13/07, as modified by the order, filed on 6/27/08, dismissing several defendants and all claims except for an Eighth Amendment claim against defendants Dr. Hunt and Dr. Peterson for their alleged failure to provide adequate medical care for plaintiff, i.e., in the form of a medical chrono permitting plaintiff not to wear newly issued clothing which has large painted lettering that caused plaintiff to break out in rashes.

Specifically, plaintiff alleges that, on 1/14/04, while he was incarcerated at R.J. Donovan (RJD), all inmates were ordered to exchange their state-issued pants and shirts for new-styled pants and shirts that had large stenciled lettering. On 1/16/04, plaintiff began to itch where the large lettering was located and submitted a health care request for a chrono that would permit

2009, motion to modify the scheduling order (which motion had been granted by Order, filed on August 12, 2009).

plaintiff to wear the old-style pants. On 1/22/04, plaintiff showed defendant Hunt his leg and back rashes. Defendant Hunt gave plaintiff skin cream but, stating that the new clothing was a custody issue, refused to provide a chrono for plaintiff not to be required to wear the new clothing. Second Amended Complaint (SAC), p. 3.

Following his appeal of the issue, filed on 2/17/04, plaintiff was seen, on 2/25/05, by defendant Peterson, a dermatologist, who, evidently without accessing plaintiff's medical history with regard to rashes, also stated that he could not provide plaintiff with a chrono (per a Dr. Ritter, not a defendant), but did give plaintiff skin cream. The actions by these defendants violated plaintiff's Eighth Amendment rights. SAC, p. 4.

Plaintiff has since been transferred from RJD to California Men's Colony (CMC-E) to California Medical Facility-Vacaville (CMF).[2] Plaintiff's subsequent prison appeals have evidently been denied, and plaintiff has been subjected to pain and suffering in the form of "itching and scratching," as a result of not being excepted from wearing the newer clothing with the large stenciled lettering. Plaintiff seeks declaratory and injunctive relief, as well as money damages. SAC, pp. 4-7.

Motion to Compel

Defendants move for an order compelling plaintiff to further respond to defendant Hunt's Interrogatories nos. 1, 10, 13, 15, 17, 19 and 22, directed to plaintiff, and to nos. 1 and 2 of the defendants' requests for admission; defendants also seek an order to compel plaintiff to respond to set one of the defendants' requests for production of documents. Notice of Motion, p. 1. Defendants further move for an order modifying the scheduling order to allow discovery to continue for an additional period to permit defendants to file another motion to compel, if necessary, and to prepare and file a dispositive motion after receiving plaintiff's complete

---

[2] According to the court's case docket, plaintiff filed a notice of change of address in another case which has been noted in this case as filed on 9/24/07, indicating that plaintiff is currently housed at California State Prison - Lancaster.

discovery responses. Id., at 1-2. This request has essentially previously been granted in an Order, filed on December 15, 2009, insofar as defendants Hunt and Peterson have been granted a forty-five day extension of time from the date the court rules on the pending motion to compel further discovery responses and plaintiff serves any such responses if any portion of the motion is granted. There will be no further extension of the discovery deadline, however, beyond the twenty-eight days plaintiff has been directed to serve some amended responses. (See below).

*Discussion*

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense...." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery...."; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2) (C)(i)(ii) and (iii).

The following of plaintiff's responses to the specific interrogatories propounded by defendant Hunt[3] set forth below are at issue:

> No. 1: State each and every fact to support your claim that the PRISON CLOTHING caused rashes on your body. [See Docket No. 56-2, p.8]
>
> Response: Plaintiff response to each and every fact to support claim PRISON CLOTHING caused rash, is in **FACTS** of second amended complaint, which verified complaint may be used as opposing affidavit under Rule 56 McElyea v. Babbitt, 833 F.2d 196-997-98 (9th Cir. 1987)[.] To function as an opposing affidavit[,] however, the verified complaint must be based on personal knowledge and set forth specific "facts" admissible in evidence. Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985)[.] Plaintiff Wilson's 'FACTS' in complaint are not based

---

[3] As the motion was brought on behalf of both defendants, the court will simply refer to defendants in the plural throughout the discussion.

4

pur[el]y on belief. Columbia Pictures Indus., Inc., v. Professional Real Estate Investors Inc., 944 F.2d 1525, 1529 (9th Cir. 1991). Plaintiff Wilson has stated 'FACTS' to the best of his ability and in certified complaint, and in the RESPONSE to Defendant Hunt's Interrogatory No. 1. [See Docket No. 56-2, pp. 29-30]

Defendants are correct that they are entitled to a full response to this interrogatory. Although they concede that the second amended complaint may contain facts relevant to the interrogatory, defendants maintain that they are seeking specific information including the dates when he had the rashes and where the rashes occurred. Motion, p. 3. Plaintiff may not simply refer defendants to another document to glean the response for themselves. Nor is plaintiff's disquisition on the uses and applicability of a verified complaint an appropriate response. In his belated opposition to the motion, plaintiff does nothing but essentially reiterate his response to the interrogatory. Opposition (Opp.), p. 3. Defendants' motion to compel as to the response to defendant Hunt's Interrogatory No. 1 is granted and plaintiff must provide an amended response within twenty-eight days.

> No. 10: Identify all witnesses (if the witness is an inmate include their CDCR number) who you contend has knowledge of any fact that supports your allegation that the skin cream prescribed to you by Dr. Peterson, as alleged in paragraph 9 of your Complaint, failed to treat the skin rash. [See Docket No. 56-2, p.9]
>
> Response: Plaintiff responds no inmate would have knowledge of Dr. Peterson's prescribed skin cream rash and that it failed, Plaintiff speaks to 'Chrono' denied for 'NEW' Style Pants & Shirt and LETTERING that caused rash to continue. [See Docket No. 56-2, p. 32]

Defendants contend that plaintiff's response is incomplete as plaintiff only states that no inmate has knowledge of the allegation; they maintain they are entitled to know the identity of *all* witnesses who would have such knowledge. Motion, p. 4. Plaintiff offers the following amended response within his opposition:

> Plaintiff objects to this request for it is irrelevant to issue at hand and seeks information beyond the scope of discovery of admissible evidence. For plaintiff did not walk around explaining to other inmate[]s that Dr. Peterson's skin cream failed to treat skin rash, and showing rash on leg & back.

5

Opp., p. 5.

Although plaintiff's objection is without merit, it appears on the face of it that plaintiff, at least tacitly, is admitting that he has no witnesses at all with knowledge to support this allegation. However, because plaintiff continues to reference only inmates, plaintiff must amend his response to identify any and all witnesses, not limited to inmates, who have knowledge that the skin cream prescribed by Dr. Peterson failed to treat plaintiff's skin rash, and, if he has no such witnesses, not just referencing inmates, he must so explicitly state. The amended response to Interrogatory No. 10 must be served within twenty-eight days.

> No. 13: If you contend Dr. Hunt wrongly denied you a chrono exempting you from wearing the PRISON CLOTHING, state each and every fact in support of your contention. [See Docket No. 56-2, p. 9]
>
> Response: [A]llegation that Dr. Hunt denied chrono exempting Plaintiff from wearing 'NEW' PRISON CLOTHING is in 'FACTS' of SECOND AMENDED COMPLAINT, as described in response to interrogatory No. 1, herein, verified complaint may be used as opposing affidavit the verified complaint must be based on personal knowledge and set forth specific facts. [See Docket No. 56-2, p. 33]
>
> No. 15: If you contend Dr. Peterson wrongly denied you a chrono exempting you from wearing the PRISON CLOTHING, state each and every fact in support of your contention. [See Docket No. 56-2, p. 10]
>
> Response: Plaintiff states each and every fact of allegation Dr. Peterson denied exempt chrono exempting Plaintiff from wearing 'NEW' PRISON CLOTHING, is in 'FACTS' of SECOND AMENDED COMPLAINT, as described in response to interrogatory No. 1, herein, verified complaint may be used as opposing affidavit, the verified complaint must be based on personal knowledge and set forth specific "facts."

Defendants argue that Interrogatory Nos. 13 and 15 go to the heart of plaintiff's allegations and that they are entitled to know the specific factual support plaintiff has for these claims. Motion, p. 3. Plaintiff's initial response to each of these interrogatories in the form of a nearly identical, non-substantive run-on sentence is inadequate. However, as to Interrogatory No. 13, in his opposition, plaintiff references specific pages of his second amended complaint and

also adds:

> Seen [sic] Dr. Hunt January 22, 2004, and showed "RASHES" on leg & back, which Dr. gave skin cream, but! denied Chrono to not wear New Clothing, and stated this was a Custody issue, thereby allowing continual pain & suffering violating Eighth Amendment. Plaintiff also seen Dr. Hunt March 16, 2004, and was given skin creams again, and Plaintiff ask for Chrono to not wear Pants & Shirt that cause "RASHES," Dr. Hunt again stated this was Custody issue.

Opp., p. 3.

Similarly, as to Interrogatory No. 15, plaintiff adds the following to his original response:

> Plaintiff responds to INTERROGATORY No. 15, as in SECOND AMENDED COMPLAINT, No. 11, page 4, seen Dermatologist Dr. Peterson February 25, 2004, without Plaintiff[']s medical records for "RASH" Dr. stated he could not give chrono per Dr. Ritter, but would give skin cream, thereby allowing continual pain & suffering violating Eighth Amendment, therefore sent copy of appeal to Director and Government agencies.

Opp., pp., 3-4. While this language is lifted from his second amended complaint, it is more specific then his previous response. Defendants, in their reply, do not appear to acknowledge that plaintiff has provided amended responses to these interrogatories in his opposition. While defendants may not find the amended responses as informative as they might like, plaintiff cannot be compelled to provide more factual support for a contention than he has. Due to the amended responses, the motion as to Interrogatory Nos. 13 and 15 will be denied.

Plaintiff provides essentially the identical non-response that he gave to the preceding Interrogatories Nos. 13 and 15 in his original responses (referencing Interrogatory No. 1 and the verified second amended complaint) to each of the following interrogatories as well [see Docket No. 56-2, pp. 34-36]:

> No. 17: Please state each and every fact in support of your contention that Dr. Hunt violated your constitutional rights. [See Docket No. 56-2, p. 10]
>
> No. 19: Please state each and every fact in support of your

7

contention that Dr. Hunt violated your constitutional rights. [See Docket No. 56-2, p. 10]

No. 22: If you contend you fully exhausted each appeal identified in response to Interrogatory No. 22 [sic], please state each and every fact in support of your contention.[4] [See Docket No. 56-2, p. 10]

Notwithstanding the initial inadequate responses, however, plaintiff has, in similar fashion, as to Interrogatory Nos. 13 and 15, adequately amended his responses to Interrogatory Nos. 17 and 19, by providing more specific factual information in his opposition.

Amended response to No. 17:

Plaintiff responds Dr. had specific knowledge that New [S]tyle Clothing caused Plaintiff "RASHES" on March 16, 2004, for he [had] previous gave [sic] skin cream for same type of "RASHES" on leg & back, on January 22, 2004, therefore Dr. Hunt allowed on going pain & suffering, and showed deliberate indifferent to Plaintiff del[e]gating his "JOB DUTY' to mitigate pain to Custody issue, and allowed to continue pain & suffering of Eighth Amendment.

Amended Response to No. 19:

Dr. Peterson did not have Plaintiff Wilson's medical [r]ecords as required as part of his 'JOB DUTY' requirement and had specific knowledge that Plaintiff was having "RASHES" from New Style Pants & Shirt for Plaintiff had been referred to Dermatologist Dr. Peterson, which Dr. Peterson violated his Obligation to prevent continued pain & suffering of Eighth Amendment.

Opp., p. 4.

Defendants may not be satisfied with the amended responses, but greater specificity is provided and their reply does not make clear how it would be possible to order a further response. Plaintiff warrants that these responses are made to the best of his ability. Opp., p. 5. The motion to compel will be denied, in light of the amended responses, as to Interrogatory Nos. 17 and 19.

---

[4] Although defendant's counsel does not point it out, it is evident that No. 22 is not meant to be self-referential, but is intended to refer to Interrogatory No. 21, which asks plaintiff to "[i]dentify, by Log Number and date each and every CDC 602 Inmate/Parolee Appeal you submitted concerning the PRISON CLOTHING." Docket # 56-2, p. 10.

1           As to Interrogatory No. 22, however, plaintiff's amended response is not adequate:

> Interrogatory No. 22, is vague, lacks foundation, and can not be understood.

Opp., p. 5.

Plaintiff has something of a point in that this interrogatory, as the court has noted, contains an error in referencing No. 22, not No. 21, the previous interrogatory, wherein the appeals are sought to be identified. See footnote 4 above. With this correction, the motion will be granted as to Interrogatory No. 22, and plaintiff will have twenty-eight days to provide an amended response.

### *Requests for Admission*

Defendants seek further responses to defendants Hunt and Peterson's requests for admission nos. 1 and 2.

> Request No. 1: Admit that in August 2004, you refused to allow Dr. Armstrong to examine you. [Docket No. 56-2, p. 21]
>
> Response: Plaintiff admits he refused to be escorted by Administrative Segregation Guards to see Dr. Armstrong where handcuffs placed behind Plaintiff[']s back cause [sic] severe pain to Lower Back, causing Dry Heaves/Regurgitate for diagnosed degenerative disc disease, and continued pain to be hand cuffed behind back instead of 'waist chains[.]' [Docket No. 56-3, pp. 52-53]
>
> Request No. 2: Admit that in August 2004, you refused to submit to a RAST test to determine if you were allergic to wool. [Docket No. 56-2, p. 21]
>
> Response: Plaintiff responds same as to Request No. 1, and if seen by Dr. Armstrong he [sic] adverse to Plaintiff's medical needs and deliberate indifference [sic]. [Docket No. 56-3, p. 53]

Defendant concedes that plaintiff has provided a response to these two requests for admission, but maintains that the response contains factual information wholly unrelated to the claims he raises in this action. Motion, p. 5. They ask the court to require plaintiff to respond to the requests clearly and directly. Id. The court sees no need to require a further

9

response; plaintiff has admitted each statement.  Although he improperly goes beyond a straightforward admission, seeking to ameliorate the admissions by offering a rationale not clearly relevant to the issues of this case for his refusal to be examined by Dr. Armstrong or to submit to a RAST test in August of 2004, the fact of the admissions remain.

*Requests for Production, Set One*

Defendants contend that plaintiff has failed to provide any response to the set one requests for production of documents in their motion to compel.  In addition to submitting a number of exhibits attached to his opposition, plaintiff maintains that he did provide responses to defendants' set one requests for production in his opposition and attaches both a copy of his responses, dated June 27, 2009, under penalty of perjury, each indicating a specific exhibit or exhibits and a copy of a proof of service, wherein also under penalty of perjury, he certifies that he served a copy of his response on defendants' counsel on June 28, 2009.  Opp., pp. 16-20.

In their reply, defendants observe that plaintiff contends that he served defendants with his response to their set one of requests for production and note that plaintiff has attached a copy of his "purported response" to these requests. Reply, p. 1.  Nevertheless, defendants maintain they have never received a copy of the responses.  Id.  However, defendants do not appear to object to the response or production per se within the opposition, merely to its apparently not having been served upon them.  It is unclear in the reply itself whether defendants are stating that the response was not served upon them when due or that response/production has never been served upon them.  However, the proof of service attached to the opposition indicate that the opposition (presumably with all attached documents) has been served upon them, and in any case, within the declaration attached to the reply, defendant's counsel appears to acknowledge receipt of those documents attached to plaintiff's opposition to the motion, while continuing to assert that there has been no other response to the relevant production requests.  Reply, Declaration of Michelle Angus [second Angus Dec.], ¶ 3.  In addition, defendants would certainly have access to the documents attached to the opposition in the court's electronic file.

Since defendants do not make sufficiently clear how the response/production that has been filed with the opposition remains unsatisfactory, other than to decry plaintiff's having failed to timely and properly serve them, their motion as to the requests for responses to the set one, requests for production of documents will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery responses, filed on August 10, 2009 (docket # 40) is granted in part and denied in part: GRANTED only as to defendant Hunt's Interrogatory Nos. 1, 10 and 22, and plaintiff must serve defendants with his amended responses within twenty-eight days and file proof of having done so in this court; the motion with regard to all other discovery requests is DENIED;

2. Discovery is re-opened/continued only until the expiration of the twenty-eight day period following the filing date of this order; and

3. The deadline for filing any pretrial dispositive motion is now May 21, 2010. The court will not look with favor upon any request for a further extension of time of this new deadline.

DATED: 02/26/2010 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
wils0791.mtc