1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11              Plaintiff,                    No. CIV S-06-0791 FCD GGH P

12        vs.

13   DIRECTOR OF THE DIVISION
     OF ADULT INSTITUTIONS, et al.,
14
                Defendant.              FINDINGS AND RECOMMENDATIONS
15
     _____/
16
     Introduction
17                      On January 29, 2010, plaintiff filed a "motion for preliminary injunction and or

18   temporary restraining order [TRO]."   By Order, filed on February 27, 2010, defendants were

19   inter alia directed to file a response to the motion within fourteen days.  Defendants opposition

20   was filed on March 2, 2010.  Plaintiff filed his reply on March 19, 2010.  Plaintiff also brought a

21   putative motion for class action and appointment of class counsel on March 19, 2010.

22   Underlying Allegations

23                      The court has previously set forth the allegations[1] of plaintiff's June 13, 2007,

24   _____

25        [1]  See Order & Findings and Recommendations, filed on February 9, 2009, (pp. 1-2),
     adopted by Order, filed on March 12, 2009.
26

                                             1

1   second amended complaint, on which this case now proceeds,[2] as modified by the order, filed on

2   June 27, 2008, dismissing several defendants and all claims except for an Eighth Amendment

3   claim against defendants Dr. Hunt and Dr. Peterson for their alleged failure to provide adequate

4   medical care for plaintiff, i.e., in the form of a medical chrono permitting plaintiff not to wear

5   newly issued clothing which has large painted lettering that caused plaintiff to break out in

6   rashes.

7          Specifically, plaintiff alleges that, on January 14, 2004, while he was incarcerated

8   at R.J. Donovan (RJD), all inmates were ordered to exchange their state-issued pants and shirts

9   for new- styled pants and shirts that had large stenciled lettering.  On January 16, 2004, plaintiff

10  began to itch where the large lettering was located and submitted a health care request for a

11  chrono that would permit plaintiff to wear the old-style pants.  On January 22, 2004, plaintiff

12  showed defendant Hunt his leg and back rashes.  Defendant Hunt gave plaintiff skin cream but,

13  stating that the new clothing was a custody issue, refused to provide a chrono for plaintiff not to

14  be required to wear the new clothing.  Second Amended Complaint (SAC), p. 3.

15         Following his appeal of the issue, filed on February 17, 2004, plaintiff was seen,

16  on February 25, 2005, by defendant Peterson, a dermatologist, who, evidently without accessing

17  plaintiff's medical history with regard to rashes, also stated that he could not provide plaintiff

18  with a chrono (per a Dr. Ritter, not a defendant), but did give plaintiff skin cream.  The actions

19  by these defendants violated plaintiff's Eighth Amendment rights.  SAC, p.  4.

20         Plaintiff has since been transferred from RJD to California Men's Colony (CMC-

21  E) to California Medical Facility-Vacaville (CMF).[3]  Plaintiff's subsequent prison appeals have

22  evidently been denied, and plaintiff has been subjected to pain and suffering in the form of

23

24         [2] This case was originally filed on April 12, 2006.

25         [3] According to the court's case docket, plaintiff filed a notice of change of address in
26  another case which has been noted in this case as filed on September 24, 2007, indicating that
    plaintiff is currently housed at California State Prison - Lancaster (CSP-LAC).

2

1  "itching and scratching," as a result of not being excepted from wearing the newer clothing with

2  the large stenciled lettering.  Plaintiff seeks declaratory and injunctive relief, as well as money

3  damages.  SAC, pp. 4-7.

4  Motion

5        In plaintiff's current motion for a TRO or preliminary injunction, plaintiff appears

6  to be housed once more at RJD.  Motion, p. 1.  Plaintiff purports to seek a TRO/preliminary

7  injunction (PI) apparently not only on behalf of himself but also a "group class" of Enhanced

8  Outpatients (EOP) in the form of an order allowing EOP inmates to order Levis and jean jackets

9  instead of clothing that is inappropriate for cold weather and also for "full laundry exchange."

10  Id.  He also seeks an order for a particular clothing form, an order that will give EOP inmates

11  laundry jobs, allegedly limited by discrimination by general population inmates and further asks

12  that sewing kits/sewing machines be placed in the laundry room so clothing can be fixed.  Id.  In

13  addition, plaintiff seeks an order that "pajamas and bathrobes stopping gender discrimination" be

14  allowed beyond the space permitted and that the Facility 1, Clothing Supervisors I and II be

15  removed presumably due to the state of RJD laundry and clothing which conditions are claimed

16  to constitute cruel and unusual punishment in violation of the Eighth Amendment.  Id.

17  TRO

18        The purpose in issuing a temporary restraining order is to preserve the status quo

19  pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

20  temporary restraining order due to the fact that very few such orders can be appealed prior to the

21  hearing on a preliminary injunction.  It is apparent, however, that requests for temporary

22  restraining orders which are not ex parte and without notice are governed by the same general

23  standards that govern the issuance of a preliminary injunction.[4]  See New Motor Vehicle Bd. v.

24

25      [4] Even if plaintiff intended this to be an ex parte motion for a TRO without notice, the
    undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65
    for issuance of such an order, which plaintiff clearly has not met.  Reno Air Racing Ass'n., Inc.
26  v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  Rule 65(b)(1) permits issuance of a TRO

3

1  Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359 (1977) (Rehnquist, J.); Los Angeles

2  Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J.

3  dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In

4  many cases the emphasis of the court is directed to irreparable harm and the balance of hardships

5  because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

6  Preliminary Injunction Standard

7       "The proper legal standard for preliminary injunctive relief requires a party to

8  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

9  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

10  injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127  (9th Cir.

11  2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76

12  (2008).

13       In cases brought by prisoners involving conditions of confinement, any

14  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

15  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

16  correct the harm."  18 U.S.C. § 3626(a)(2).

17            Discussion

18       Plaintiff's request for a TRO/PI far exceeds what is at issue in his underlying

19  complaint.  Plaintiff seeks an order that includes directing, in addition to defendants Peterson and

20  Hunt, individuals and entities who (or which) are not defendants in this action, Warden Neotti,

21  Associate Warden Suglich, RJD and CDCR, Clothing Supervisor I - Flores, Clothing Supervisor

22  II - Ward, to permit himself and other EOP's to order Levis and jean jackets "by package

23  vendor," to have access to "full laundry exchange," to be given laundry room jobs and a

24

25  without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a
verified complaint clearly show that immediate and irreparable injury...will result to the movant
26  before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in
writing any efforts made to give notice and the reasons why it should not be required."

1  particular clothing form, to have sewing kits and machines in the laundry room, to be allowed

2  pajamas and bathrobes beyond the items permitted in six cubic feet of allowed property and to

3  remove the two non-party clothing supervisors mentioned above.  Id. at 2, 18.   In addition to

4  plaintiff's significant overreaching as to what is at issue in his underlying amended complaint,

5  the court generally has no jurisdiction over those not named as parties in an action.  See Zenith

6  Radio v. Hazeltine Research, Inc, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569 (1969)("[t]he

7  consistent constitutional rule has been that a court has no power to adjudicate a personal claim or

8  obligation unless it has jurisdiction over the person of the defendant.")[5]

9          Plaintiff by way of his motion also appears to be seeking to reinstate claims,

10  regarding purportedly a prison policy of inadequate clothing and generic complaints about the

11  handling of laundry, that have been dismissed in this action.[6]  Defendants' contention that the

12  law of the case doctrine should apply in this context is well-taken.  Opposition (Opp.), pp. 2-3.

13  Once a decision of law is made, it becomes the "law of the case," and absent clear error or

14  changed circumstances should not be changed.  See United States v. Estrada-Lucas, 651 F.2d

15  1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is generally

16  precluded from reconsidering an issue that has already been decided by the same court, or a

17  higher court in the identical case."  United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998),

18  quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and

19  _____

20  [5]  On the other hand, the All Writs Act, 28 U.S.C. § 1651(a), does allow a court to issue
those writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and

21  principles of law."   The All Writs Act, however, "is not a grant of plenary power to the federal
courts...[r]ather, it is designed to aid the courts in the exercise or their jurisdiction."  Plum Creek

22  Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir.1979).  Nevertheless, in "appropriate
circumstances," the United States Supreme Court has recognized that "[t]he power conferred by

23  the Act extends" to those not parties to the underlying action. United States v. New York
Telephone Co., 434 U.S. 159, 174 (1977)."

24  [6]  See Findings and Recommendations, filed on April 4, 2008, adopted by Order, filed on
June 27, 2008.  To the extent that the claims regarding alleged laundry handling deficiencies at

25  California Medical Facility were dismissed, rather than those at RJD, indicates that the
circumstances at issue at RJD within the pending motion, were not even been at issue in the

26  second amended complaint upon which modified form this case proceeds.

5

1   citation omitted).  As defendants note, plaintiff has failed to provide an adequate basis for the

2   court to revisit its earlier ruling.  Opp., p. 3, citing Ferreira v. Borja, 93 F.3d 671, 674 (9th Cir.

3   1996)(while the doctrine of law of the case does not have "inescapable application," a change of

4   circumstances, an "intervening decision of controlling law, or showing of manifest injustice"

5   should be shown to warrant revisiting a prior ruling).

6          Nor does plaintiff have standing to assert the rights of any other individual, much

7   less a group of individuals, in this action.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir.

8   1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v.

9   Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v.

10  Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).  It is also not clear why plaintiff appears

11  to be under the misguided impression that he is proceeding in a class action.   Although very

12  recently and only after the filing of this motion, plaintiff has purported to file a motion under

13  Fed. R. Civ. P. 23 for certification of this case as a class action (and for class counsel), such a

14  motion is wholly inapposite in the current context and the court must recommend denial of that

15  motion.   And this case certainly has not proceeded as a class action prior to the filing of this

16  motion for preliminary injunction.  Moreover,  plaintiff is a non-lawyer proceeding without

17  counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.

18  See Fed. R. Civ. P. 23(a)(4)(requiring that class representative be able "to fairly and adequately

19  protect the interests of the class"); see also, McShane v. United States, 366 F.2d 286, 288 (9th

20  Cir. 1966)(lay person lacks authority to appear as an attorney for others).  This rule becomes

21  almost absolute when, as here, the putative class representative is incarcerated and proceeding

22  pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff

23  cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of

24  the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C.

25  1976).  Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him.  He

26  has no authority to appear as an attorney for others than himself."  McShane v. U. S., 366 F.2d

286, 288 (9th Cir.1966), citing <u>Russell v.United States</u>, 308 F.2d 78, 79 (9th Cir. 1962); <u>Collins v.</u>

<u>O'Brien</u>, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640

(1954).  Plaintiff proceeds at this time on claims of inadequate medical care by defendants Hunt

and Peterson with regard to their treatment of his rashes alleged to have been caused by large

stenciling on new styled clothing, not the basis for any class action.

　　　　　　　To the extent that the motion could be construed as narrowed to plaintiff's request

for preliminary injunctive relief because the clothing at RJD is soiled or not adequate for cold

weather (Motion, p. 5), defendants are correct that plaintiff has failed to provide specific facts

which support a claim that his laundry is dirty, and the exhibits attached to his declaration do not

have an adequate foundation and are not provided with a coherent context. Opp., p. 5.  Plaintiff

also complains of having received clothes that were too small upon his reception at RJD but also

appears to acknowledge that the present case is only proceeding as to his claims of inadequate

medical care by defendants Hunt and Peterson due to their alleged deliberate indifference to the

rashes caused by large stenciled lettering on a new style of pants and shirts, but he somehow

appears to believe either that his dismissed claims have been revived by his return to RJD or that

he may make new, additional allegations on that basis and that such claims are enhanced by his

having filed a "group class" administrative appeal.  Reply, pp. 1-3.

　　　　　　　Notwithstanding, his apparent concession that this action proceeds on limited

claims of inadequate medical care, plaintiff essentially appears to believe that he is proceeding on

broad and generic claims regarding various defective clothing conditions at RJD for EOP

inmates.  Plaintiff does not seek preliminary injunctive relief based on the claims on which he is

actually proceeding in this case.  Although plaintiff references having not been provided a

medical chrono in 2004 to alleviate the rashes he claims to have suffered due to the stenciled

lettering on new style clothes (Motion, p. 4, plaintiff's declaration, p. 12), he does not claim that

he continues to suffer rashes because of any kind of allergic reaction to the clothing he is

currently being provided and does not demonstrate that he is likely to suffer irreparable harm in

1    the absence of preliminary relief.  Instead, plaintiff's focus, as noted, is on a plethora of claimed

2    deficient clothing and laundry conditions affecting all EOP inmates for which he seeks a vast

3    array of relief unrelated to the claims at issue in the underlying action.  If plaintiff seeks to

4    proceed on the claims he raises in the present motion, he will have to file a new complaint.  The

5    court must recommend denial of his present inapposite preliminary injunction motion.

6                        Accordingly, IT IS HEREBY RECOMMENDED that:

7                        1.  Plaintiff's January 29, 2010 (Docket # 54), motion for a TRO/preliminary

8    injunctive relief be denied;

9                        2.  Plaintiff's "motion for class action" and for class counsel, filed on March 19,

10   2010 (Docket # 59), be denied as inapposite.

11                       These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

13   days after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16   shall be served and filed within fourteen days after service of the objections.  The parties are

17   advised that failure to file objections within the specified time may waive the right to appeal the

18   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED: March 29, 2010

20

21                                        /s/ Gregory G. Hollows

22                                        UNITED STATES MAGISTRATE JUDGE

23

24   GGH:009
     wils0791.pi

25

26

8